# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TANYA TEODORO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 217-cv-02135-APG-VCF<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>(ECF Nos. 11, 13) |

In March 2016, plaintiff Tanya Teodoro was involved in an automobile accident. As a result, she incurred medical and hospital charges of approximately $85,000. She provided her automobile insurer, defendant Allstate Fire and Casualty Insurance Company (Allstate), with her bills. Her Allstate policy included medical payments coverage of $100,000. Allstate paid approximately $45,000 of the bills.[1]

Now, Teodoro sues Allstate, in her individual capacity and on behalf of a proposed class. She claims that the terms of her insurance policy require Allstate to pay the entirety of her medical expenses. She brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Nevada's Deceptive Trade Practices Act, violation of Nevada's Unfair Claims Practices Act, and unjust enrichment. Allstate moves to dismiss both the individual and class claims, arguing that Teodoro does not have standing because she has not alleged an actual injury, that her claims fall under the exclusive jurisdiction of the Nevada Division of Insurance (NDOI), and that she has failed to sufficiently allege the elements of her claims. Allstate also contends that class action treatment is inappropriate because individualized factual issues would predominate. I grant both of Allstate's motions.

////

---

[1] Teodoro's complaint does not specify whether these payments were made directly to her or her medical providers.

## I. ANALYSIS

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

I must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citations omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

////

## A. Subject Matter Jurisdiction

Allstate initially argues that the court does not have subject matter jurisdiction over Teodoro's claims because she has not alleged an injury in fact and thus has no standing and her claims are within the exclusive jurisdiction of the NDOI. Teodoro responds that she has alleged an injury: the difference between the amount Allstate paid her and what she alleges is its contractual obligation to pay. She also argues that her claims stem from Allstate's alleged breach of contract, and that any mention of NDOI was only supportive, rather than a basis for her claims.

### 1. Standing

Article III of the U.S. Constitution confines the federal judicial power to actual "cases or controversies." U.S. Const. art. III § 2; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The "irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (internal quotation omitted).

Teodoro has alleged that she incurred over $80,000 in medical bills, that Allstate is contractually obligated to pay the entirety of these charges, and that it did not do so. Thus, Teodoro has alleged an actual injury of the money she believes she is owed under the insurance policy.

### 2. Nevada Department of Insurance

In Nevada, a plaintiff challenging violations of the insurance code "generally must exhaust all available administrative remedies before initiating a lawsuit." *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993 (Nev. 2007). While her complaint alleges the NDOI did not approve Allstate's actions, Teodoro repeatedly argues that her claims do not rely on this assertion, but rather on Allstate's alleged breach of contract. Moreover, Teodoro's causes of action do not rest on alleged violations of particular sections of the insurance code. Allstate has therefore not shown that Teodoro's claims are within NDOI's exclusive jurisdiction and that the court lacks

subject matter jurisdiction. Therefore, I deny Allstate's motion to dismiss for lack of subject matter jurisdiction.

### B. Individual Claims

#### 1. Breach of Contract

Teodoro's first claim is that Allstate breached its insurance contract with her by not paying the entirety of her medical expenses. With regard to medical payments coverage, Teodoro's policy states that Allstate "will pay to or on behalf of an insured person all reasonable expenses actually incurred by the insured person for necessary medical treatment, services, or products actually provided to the insured person." ECF No. 11-1 at 31. Teodoro claims Allstate violated this language when it did not pay the entirety of her billed medical expenses. Allstate contends that Teodoro does not allege a breach, as the policy does not include an obligation to pay the entirety of medical expenses unless they are reasonable and necessary. Allstate also argues that Teodoro's statement that her bills were "reasonable and necessary" is a conclusory statement unsupported by any facts, such as what injuries were sustained or medical services provided. Teodoro responds that Nevada is a notice-pleading state, and her complaint sufficiently put Allstate on notice as to her claims.

As this case was removed to federal court, the Federal Rules of Civil Procedure apply. Teodoro's complaint must meet the pleading standard of Rule 8 and *Iqbal-Twombly* to survive a motion to dismiss. It does not. Teodoro alleges that all $85,000 of her medical expenses were reasonable and necessary, but alleges no facts allowing that inference. Her bare assertion permits only an inference of the possibility of a breach of contract by Allstate. Moreover, Teodoro's allegations in her complaint focus on Allstate's alleged obligation to pay the entirety of billed medical expenses, regardless of reasonableness or necessity. *See* ECF No. 1-2 at 16 ("Allstate breached its obligation under the contracts of insurance with Plaintiff and each Class member by refusing to pay them the entirety of the Billed Medical Expenses."). Teodoro alleges no facts allowing the inference that the "reasonable and necessary" language in her insurance policy requires the payment of the "entirety" of billed medical expenses. I dismiss this claim without

prejudice. I grant Teodoro leave to amend her complaint to plead facts plausibly alleging that the entirety of her billed medical expenses were reasonable and necessary such that Allstate breached the insurance policy by not paying the full amount.

                                  2. *Breach of the Implied Covenant of Good Faith and Fair Dealing*

Teodoro's second cause of action alleges Allstate breached the implied covenant of good faith and fair dealing by "arbitrarily and unreasonably refusing to pay the entirety" of her billed medical expenses and concealing the fact that Teodoro was entitled to such a payment. ECF No. 1-2 at 17. Allstate argues that Teodoro alleges only a breach of contract and fails to allege that it lacked a reasonable basis for its payment decisions. Teodoro again argues that her complaint meets notice-pleading standards. She also contends that Allstate did not provide her a reason for its payment decisions.

To the extent that Teodoro alleges a contractual breach of the covenant of good faith, her claim fails. "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). Teodoro's claim relies on Allstate's breach of the express terms of her insurance policy, "thereby negating the possibility of a valid claim for breach of the contractual covenant of good faith." *Tomkiel v. Hartford Cas. Ins. Co.*, No. 2:13-cv-01888-JCM-PAL, 2014 WL 1494248, at *2 (D. Nev. Apr. 14, 2014).

To the extent Teodoro alleges a tortious breach of the covenant, her claim also fails. To establish such a cause of action, the plaintiff must allege facts showing an insurer denied her claim without any reasonable basis and the insurer knew or recklessly disregarded the lack of a reasonable basis. *See id.* (citing *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994)). Teodoro alleges conclusorily that Allstate unreasonably refused to pay the entirety of her medical bills without explaining what was unreasonable about this decision. She alleges no facts showing that Allstate did not have a reasonable basis for its decision. *See Henderson v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-

cv-00149-KJD-PAL, 2012 WL 2283361, at *2 (D. Nev. Jun. 18, 2012) (finding bare allegations that a defendant insurance company refused to make adequate payment without a reasonable basis was "no more than labels and conclusions"). Therefore, I dismiss this claim without prejudice and grant Teodoro leave to amend. If Allstate explained its decision—for example, in an explanation of benefits—Teodoro should allege what this explanation was and why it was unreasonable. If Allstate never explained its decision and this lack of explanation is the basis of her complaint, Teodoro must allege so in her complaint.

### 3. Deceptive Trade Practices Act

Teodoro's third cause of action alleges Allstate violated Nevada's Deceptive Trade Practices Act (DTPA) by breaching the insurance contract, breaching the implied covenant of good faith and fair dealing, and violating Nevada's Unfair Claims Practices Act. Allstate argues this claim should be dismissed because Teodoro does not identify any specific statutory section it violated or allege sufficient facts to show a violation. Allstate also argues that the DTPA only applies to the sale of goods or services. Teodoro responds that Allstate is on notice of the nature of her claims, and that certain sections of the DTPA have been applied to claims unrelated to the sale of goods and services.

Teodoro is correct that some sections of the DTPA are not necessarily limited to the sale of goods and services. *See, e.g.*, *The Bank of N.Y. Mellon fka The Bank of N.Y. v. Cape Jasmine CT Trust*, No. 2:16-cv-00248-JAD-GWF, 2016 WL 3511253, at *4–5 (D. Nev. Jun. 27, 2016) (noting that certain provisions of the statute explicitly require the sale or lease of goods and services but others do not); *Kawahara v. Kennedy*, No. 3:14-cv-00012-MMD-WGC, 2015 WL 789744, at *5–6 (D. Nev. Feb. 25, 2015) (same). However, Teodoro does not allege violations of particular sections of the statute. Thus, I cannot determine whether the requirement of the sale or lease of goods and services applies to her claim.

In *Reyes v. GMAC Mortgage LLC*, the court held that an allegation that the defendant "violated the Nevada Deceptive Trade Practices [Act] at NRS 598 through the actions they have taken" did not "point the court to any specific statute within [Nevada Revised Statutes §] 598 nor

did [the plaintiffs] assert facts that would allow the court to assume which statute they are claiming violations of." No. 2:11-cv-00100-JCM-RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011). This is essentially what Teodoro has done. She does not allege a violation of a particular section of the statute, and the lack of alleged facts does not allow me to infer what her claim is. Teodoro has not given Allstate fair notice of her claim and the grounds for that claim. *See Twombly*, 550 U.S. at 555. Therefore, I grant the motion to dismiss this claim without prejudice. I grant Teodoro leave to amend to plead facts sufficient to show violation of specific sections of the DTPA.

### 4. Unfair Claims Practices Act

Teodoro's fourth cause of action is for violation of Nevada's Unfair Claims Practices Act. She claims Allstate violated the statute by "unlawfully, fraudulently, and knowingly" refusing to pay the entirety of her billed medical expenses and misrepresenting to her that it was allowed to do so. ECF No. 1-2 at 19. Allstate argues that Teodoro fails to plead any facts showing a violation of the statute. Teodoro responds she sufficiently alleged a violation of Nevada Revised Statutes § 686A.310(1)(a) by alleging that Allstate refused to pay the entirety of her expenses, misrepresented that such reductions were valid, and concealed that they were not.

As with all of her claims, Teodoro's unfair claims practice claim is based on Allstate's alleged breach of the insurance policy. She alleges no facts showing why a payment of less than the entirety of her billed expenses was fraudulent, or how any misrepresentation was made to her about this payment. Teodoro "provides insufficient factual context to raise a claim under this statute." *Yoshimoto v. Safeco Ins. Co. of Ill.*, No. 2:17-cv-00382-GMN-CWH, 2017 WL 4248141, at *2–3 (D. Nev. Sept. 25, 2017). Therefore, I dismiss this claim without prejudice and grant Teodoro leave to amend to plead sufficient facts to show a violation of the statute.

### 5. Unjust Enrichment

Teodoro's final claim is for unjust enrichment. She claims that Allstate was unjustly enriched by collecting insurance premiums while refusing to pay the entirety of billed medical expenses. Allstate argues that the existence of the written insurance contract forecloses an unjust

enrichment claim. Teodoro responds that this claim should be allowed to proceed as an alternative to the breach of contract claim because it would be viable if the contract was held to be unenforceable.

To plead a claim for unjust enrichment, a plaintiff must allege she conferred a benefit on the defendant and the defendant appreciated that benefit "under circumstances such that it would be inequitable" to retain the benefit. *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Teodoro's entire complaint, including her claim for unjust enrichment, relies on her written insurance contract with Allstate and its enforceability. Allstate has not denied the existence or validity of the contract. Nor, on the face of the complaint, did Teodoro plead this claim in the alternative. Therefore, an action based on a theory of unjust enrichment is unavailable and I grant Allstate's motion to dismiss this claim.

### C. Class Claims

Under Rule 23(c)(1)(A), at "an early practicable time after a person sues or is sued as a class representative," the court must determine whether to certify a class. While the dismissal of class allegations at the pleading stage should be done rarely, if, "as a matter of law, a class cannot be certified . . . it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) (quotations and citations omitted). "Although it would be improper to require a plaintiff to establish she can maintain a class before she attempts to do so, it would be appropriate to dismiss the class allegations if the plaintiff does not allege facts sufficient to make out a class." *Id.*; see also *Kennedy v. Unumprovident Corp.*, 50 F. App'x 354, 355 (9th Cir. 2002) ("The Supreme Court has stated that it is sometimes 'plain enough from the pleadings to determine whether the

interests of the absent parties are fairly encompassed within the named plaintiff's claims." (quoting *Gen. Tel. Co. of the SW. v. Falcon*, 457 U.S. 147, 160 (1982)).

The party seeking certification bears the burden of establishing the proposed class meets the requirements of numerosity, commonality, typicality, and adequacy of representation set out in Rule 23(a). *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007). That party must also meet at least one of the requirements of Rule 23(b). Here, Teodoro seeks class certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members" and a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy."

Allstate argues that Teodoro's proposed class claims should be dismissed primarily because Teodoro cannot meet the predominance and superiority requirements of Rule 23(b). Allstate argues that individual issues regarding the reasonableness and necessity of class members' bills will predominate any common questions of law or fact. As to superiority, Allstate contends that because of the likelihood that many individualized issues would need to be litigated, trial of the claims on a class basis would be unmanageable. Teodoro responds that individualized issues will not predominate, as all members of the proposed class were not paid the entirety of their billed medical expenses.

*1. Predominance*

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The predominance requirement is primarily concerned with whether "adjudication of common issues will help achieve judicial economy." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009). In "the insurance context, courts commonly find the predominance requirement unmet where liability depends on individual, fact-intensive questions." *Ratnayake v. Farmers Ins. Exch.*, No. 2:11-cv-01668-APG-CWH, 2015 WL 875432, at *4 (D. Nev. Feb. 27, 2015) (collecting cases).

Teodoro's individual and class claims are based on Allstate's refusal to pay the entirety of her billed medical expenses, in alleged violation of an insurance policy which requires the insurer to pay "all reasonable expenses actually incurred by the insured person for necessary medical treatment." ECF No. 11-1 at 31. Thus, each proposed class member "would be required to prove entitlement to benefits under the terms of the policy and that the medical expenses were reasonable and the services were necessary." *Gloria v. Allstate Cnty. Mut. Ins. Co.*, No. SA-99-CA-676-PM, 2000 WL 35754563, at *9 (W.D. Tex. Sept. 29, 2000). Such issues could not be determined on a class basis; the trier of fact would need to decide whether Allstate breached its contract with each class member by determining whether their entire billed medical expenses were reasonable and their treatment necessary. Furthermore, although proposed class members allegedly have policies with similar medical payments coverage and were not paid the entirety of their billed medical expenses, these commonalities are overshadowed by the individual, fact-intensive questions that would be necessary to determine Allstate's liability to each potential class member. To establish their right to recover, each class member in Teodoro's proposed class would have to litigate the reasonableness of their bills and necessity of treatment, Allstate's lack of a reasonable basis for its payment decisions and knowledge its decision was unreasonable, and how and whether Allstate misrepresented its contractual obligations, among other issues. The few common issues Teodoro points to do not predominate over these individualized issues.

### 2. Superiority

In determining superiority, I consider the four factors set forth in Rule 23(b)(3): the interest class members have in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy that has already been commenced by or against class members; the desirability or undesirability of concentrating litigation of the claims in the particular forum; and the difficulties that will likely be encountered in managing the suit as a class action.

The fourth factor weighs heavily against allowing Teodoro's class claims to continue. "If each class member has to litigate numerous and substantial separate issues to establish his or her

right to recover individually, a class action is not 'superior.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). Teodoro's attempts to simplify the questions of liability notwithstanding, she has not shown that the management of this case as a class action is superior to individual adjudication in light of the individual inquiries discussed above.

Because Teodoro's putative class fails as to predominance and superiority, it cannot be certified as a matter of law. I will therefore grant Allstate's motion to dismiss Teodoro's class claims with prejudice.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Allstate Fire and Casualty Insurance Company's motions to dismiss **(ECF Nos. 11, 13) are GRANTED.** Plaintiff Tanya Teodoro's individual claims are dismissed without prejudice. Her class claims are dismissed with prejudice. Teodoro may file any amended complaint within 30 days of entry of this order. If she does not, this case will be closed.

DATED this 13th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE